## HAZARD v. NATIONAL EXCHANGE BANK OF NEWPORT.

*(Circuit Court, D. Rhode Island.　January 15, 1886.)*

CORPORATION—TRANSFER OF STOCK—ATTACHMENT—RIGHT OF TRANSFEREE.

On December 30, 1875, A. sold certain shares of bank stock to B., and assigned them by a transfer written on the back of the certificate.　By the by-laws of the bank, stock was transferable only on the books of the company. On December 14, 1878, the shares were attached by a judgment creditor of A., and sold and transferred to C.　Neither the bank nor the creditor had knowledge of the transfer to B.　In January, 1880, B. presented his certificate and transfer to the officers of the bank, and demanded a transfer of the stock, which was refused, whereupon he brought suit against the bank for such refusal. *Held,* that the bank was liable in damages for the refusal to transfer the shares.

At Law.

*Amasa M. Eaton,* for plaintiff.

*William P. Sheffield,* for defendant.

CARPENTER, J.　This is an action at law to recover damages for the refusal of the defendant to transfer to the plaintiff 75 shares of their capital stock, and to issue to him a certificate thereof.　The case has been heard by the court without a jury.　The material facts are that on the thirtieth day of December, 1875, the shares stood in the name of Rowland R. Hazard, Jr., and on that day he sold them to the plaintiff, and assigned them by a transfer written on the back of the certificate; that on the twenty-sixth day of June, 1877, the shares, were attached in a suit brought in the supreme court of Rhode Island by Philip Caswell, Jr., and on the fourteenth day of December, 1878, they were sold by the sheriff on execution issued in that suit, and were by the defendant corporation transferred on the books to the purchaser; and that in January, 1880, the plaintiff presented his certificate and transfer to the officers of the bank, and demanded that they be transferred to him, and a certificate issued therefor, with which demand the officers refused to comply.　Neither the bank nor the attaching creditors received notice of the transfer to the plaintiff, or had knowledge of the same, before the demand was made by him as above stated. It appears that the by-laws of the bank provide that shares of stock shall be transferred only on the books of the corporation.

The question, therefore, is whether an attachment of stock will take precedence of an unrecorded transfer of which the attaching creditor had no notice.　The question has been much debated, and has been differently decided in different jurisdictions.　I think it is settled for this court, in a case involving the title to shares of stock in a national bank, by the authority of the decision in *Bank* v. *Lanier,* 11 Wall. 369. See, also, *Continental Nat. Bank* v. *Eliot Nat. Bank,* 7 Fed. Rep. 369. I decide, therefore, that the defendant corporation is liable in damages for the refusal to transfer the shares.　In accordance with the agreement of counsel, the question of damages will stand for further hearing, if not settled by agreement.