[No. 1379.   September 1, 1911.]

URSINUS SIDNEY BATEMAN, et al, Appellants, v. JULIUS J. GITS, et al, Appellees.

### SYLLABUS (BY THE COURT).

1. Under the Federal Statutes the rights of a transferee of national bank stock under an unrecorded transfer, good at common law, are superior to the rights of a subsequent attaching creditor of the transferrer without notice.

Appeal from the District Court for Chaves County, before WILLIAM H. POPE, Chief Justice. Affirmed.

U. S. BATEMAN for Appellant.

Transfer of shares of stock of a corporation. Laws 1905, chap. 79, secs. 21, 126, 130; R. S. U. S. 5139.

NISBET & NISBET for Appellants. No brief.

### OPINION OF THE COURT.

MECHEM, J.—The property involved here are shares in a National Bank. The owner Gits had endorsed the certificates representing the shares in blank and had put them up as collateral for a loan. Thereafter the appellant

sued out an attachment and attached the stock. On the books of the bank there was nothing to show that the shares were held by anyone other than Gits. Of the attachment the .pledgee had no notice. The court below found and adjudged that the attaching creditor's lien was subject to the lien of the pledgee. The question here has been before the courts of this country, as will appear from a perusal of the following cases: Continental Nat. Bank v. Elliott Nat. Bank, 7 .Fed. 369; Hazard v. Nat. Exchange Bank, 26 Fed. 94; Doty v. First Nat. Bank, 3 N. D. 9; 17 L. R. A. 259; 53 N. W. 77; Mapleton Bank v. Standard, 8 Idaho 656, 67 L. R. A. 656. These cases

1.    hold that "under the federal statutes the rights of a transferee of national bank stock under an unrecorded

transfer, good at common law, are superior to the rights of a subsequent attaching creditor of the transferrer without notice." Doty v. First Nat. Bank, supra. We adopt this holding. There are other assignments of error, but the decision of this one point against the appellant, in our opinion, disposes of the entire case. For the foregoing reasons the judgment of the lower court is affirmed.