(March 2, 1926.)

# HENRY SEYBERTH, Appellant, v. AMERICAN COMMANDER MINING & MILLING COMPANY, LTD., a Corporation, Respondent.

[245 Pac. 392.]

CORPORATIONS—UNIFORMITY OF ASSESSMENTS ON CAPITAL STOCK—SALE OF STOCK FOR NONPAYMENT — VOID ASSESSMENT — REMEDY OF STOCKHOLDER—PLEADING—PARTIES DEFENDANT.

1. Assessment levied on capital stock of corporation must be equal and uniform; otherwise assessment is void.

2. "Assessment" means a demand on stockholders for payments above par value of their stock to meet money demands of creditors of corporation, while "call" or "instalments" means action of the board of directors demanding payment of all or portion of unpaid subscription.

3. Where portion of corporate stock had been deposited in treasury in pursuance of resolution inviting stockholders to deposit stock for certain length of time, exempt from assessments, assessment levied on balance of stock outstanding was properly an assessment, as distinguished from call or instalment, levy and collection of which is provided for by C. S., sec. 4733.

4. Levy and collection of assessment on corporate stock is statutory.

5. Where, in pursuance of resolution inviting stockholders to return stock to treasury for definite period, when stock would be reissued to owners, a portion of outstanding stock was returned, such stock did not become treasury stock so as to be exempt from assessment.

6. Where portion of corporate stock was deposited in treasury in pursuance of resolution inviting stockholders to deposit stock in treasury for definite period exempt from assessment, assessment on portion outstanding was void as being unequal and not uniform, and sale for nonpayment of such assessment was void.

7. Under C. S., sec. 4749, stockholders can maintain action to recover stock sold for nonpayment of void assessment without having made tender of payment.

8. Forfeiture of stock sold for delinquency of payment of void assessment is invalid.

9. Generally, an invalid forfeiture will be annulled at the suit of the stockholder.

10. Assessment and sale of stock for delinquent assessment is a proceeding to enforce a forfeiture.

11. In action to quiet title to shares of stock sold for non-payment of assessment, on ground that assessment was void as being made only against outstanding stock and not against stock deposited in treasury in pursuance of resolution inviting stockholders to deposit stock for definite period exempt from assessment, it was unnecessary that owners of stock deposited in treasury in pursuance of such agreement be made parties defendant, under C. S., secs. 6646, 6657, there being no privity or connection whatever, and particularly since defendant corporation had made only defense possible as fully as could be made.

12. Prayer is no part of the statement of the case, as alleged in charging part of the complaint.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. A. H. Featherstone, Judge.

Action to quiet title to shares of stock which had been sold for nonpayment of assessment. Demurrer to complaint sustained and action dismissed. *Reversed and remanded.*

H. J. Hull, for Appellant.

The remedy adopted by plaintiff to secure the cancelation of the assessment sale of plaintiff's stock, and the reinstatement of the stock in plaintiff's name, is the proper remedy in such an action. (*Mantle v. Jack Waite Mining Co.*, 24 Ida. 613, 135 Pac. 854, 136 Pac. 1130; *Herbert Kraft*

Publisher's Note.
1. See 7 R. C. L. 247.
4. See 7 R. C. L. 212.
11. See 21 R. C. L. 489.

See Corporations, 14 C. J., sec. 922, p. 633, n. 29, 30; sec. 953, p. 639, n. 63; sec. 1286, p. 845, n. 13; p. 846, n. 15; p. 847, n. 25, 29 New; sec. 1339, p. 880, n. 92 New; sec. 1341, p. 881, n. 17 New.
Pleading, 31 Cyc., p. 110, n. 97.

*Co. v. Bank of Orland,* 133 Cal. 64, 65 Pac. 143; *Cheney v. Canfield,* 158 Cal. 342, 111 Pac. 92.)

Assessments must be levied uniformly and equally. Assessments or calls which are not levied uniformly or equally are void. (*Kohler v. Agassiz,* 99 Cal. 9, 33 Pac. 741; *O'Dea v. Hollywood Cemetery Assn.,* 154 Cal. 53, 97 Pac. 1; *Geary Street Ry. Co. v. Rolph,* 189 Cal. 59, 207 Pac. 539; *Bank of China, Japan and the Straits v. Morse,* 168 N. Y. 458, 85 Am. St. 676, 61 N. E. 774, 56 L. R. A. 139; *North Milwaukee Townsite Co. v. Bishop,* 103 Wis. 492, 79 N. W. 785, 45 L. R. A. 174; *Great Western Tel. Co. v. Burnham,* 79 Wis. 47, 24 Am. St. 698, 47 N. W. 373; *Brockway v. Gadsden Mineral Land Co.,* 102 Ala. 620, 15 So. 431; *Pike v. Bangor & C. S. L. R. Co.,* 68 Me. 445; *Dotson v. Hoggan,* 44 Utah, 295, 140 Pac. 128; *Sullivan Co. Club v. Butler,* 26 Misc. Rep. 306, 56 N. Y. Supp. 1; *Liggett v. Glenn,* 51 Fed. 381, 2 C. C. A. 286; 2 Fletcher, Cyc. Corp., sec. 677, p. 1530; 1 Cook on Corp., sec. 114; 4 Thompson, Corp., sec. 3713; 1 Clark & Marshall, sec. 499F; 1 Morawetz, Private Corp., 2d ed., sec. 154.)

The contract between the corporation and certain of its shareholders, the purpose and effect of which was to grant to those entering into same the privilege, exemption and immunity from the payment of assessments, was void as against public policy. (3 Fletcher, Cyc. Corp., sec. 1714, p. 2895; sec. 1753, p. 2957; sec. 1754, p. 2968, and cases cited; 7 Fletcher, Cyc. Corp., sec. 4275, p. 7536; *Manson v. Curtis,* 223 N. Y. 313, 119 N. E. 559; *Dieckman v. Robyn,* 162 Mo. App. 67, 141 S. W. 717; *Funkhouser v. Capps* (Tex. Civ. App.), 174 S. W. 897; *Thomas v. Matthews,* 94 Ohio, 32, 113 N. E. 669, L. R. A. 1917A, 1068; *Carlisle v. Smith,* 234 Fed. 759; *Gilchrist v. Hatch* (Ind. App.), 100 N. E. 473.)

"It is not all persons who have an interest in the subject matter of the suit, but in general those only who have an interest in the object of the suit who are ordinarily required to be made parties." (Story, Equity Pleading, sec. 72; *Idaho Irr. Co., Ltd., v. Dill,* 25 Ida. 711, 139 Pac. 714; *Taylor v. Lytle,* 26 Ida. 97, 141 Pac. 92.)

Walter H. Hanson and Charles E. Horning, for Respondent.

Defendant corporation had the right to agree with its stockholders that for a fixed period of time the stock held by them should be nonassessable, and this is particularly true where the corporation received a valuable consideration for such an agreement and extended to every stockholder an opportunity to join in such agreement. (*Wall v. Basin Mining Co., Ltd.*, 16 Ida. 313, 101 Pac. 733, 22 L. R. A., N. S., 1013; *Jonas v. Frost*, 32 Ida. 214, 179 Pac. 949; *O'Dea v. Hollywood Cemetery Assn.*, 154 Cal. 53, 97 Pac. 1.)

The assessment levied by defendant corporation was levied in accordance with the statute and was not unfair, unequal or void. (C. S., secs. 4733–4748; par. 4, Plaintiff's Amended Complaint.)

Failure or omission to collect a regularly levied assessment from one or more stockholders does not relieve other stockholders of the obligation to pay their assessments, nor does it render the assessment itself void. (C. S., sec. 4748; *San Bernardino Inv. Co. v. Merrill*, 108 Cal. 490, 41 Pac. 487, 489; *Burnham v. San Francisco Fuse Mfg. Co.*, 76 Cal. 26, 17 Pac. 939; *Mantle v. Jack Waite Min. Co., Ltd.*, 24 Ida. 613, 135 Pac. 854, 136 Pac. 1130.)

All of the stockholders who are alleged to have entered into the agreement in question with the defendant corporation are proper and indispensable parties to this suit, one of the objects of which is to have said agreement adjudged null and void. (C. S., secs. 6646, 6657; *Chadbourne v. Coe*, 51 Fed. 479, 2 C. C. A. 327; *Donovan v. Campion*, 85 Fed. 71, 29 C. C. A. 30; *Ribon v. Chicago, R. I. & P. R. R. Co.*, 83 U. S. 446, 21 L ed. 367; *Bond v. Hunt*, 135 Ga. 733, 70 S. E. 572; *Rogers v. Penobscot Mining Co.*, 154 Fed. 606, 83 C. C. A. 380; *Ducas v. Ducas*, 150 App. Div. 397, 135 N. Y. Supp. 35; *Idaho Irr. Co., Ltd., v. Dill*, 25 Ida. 711, 139 Pac. 714; 3 Elliott on Contracts, sec. 2442; *Lawrence v. Times Printing Co.*, 90 Fed. 24; *Kendig v. Dean*, 97 U. S. 423, 24 L. ed. 1061; *Taylor v. Lytle*, 26 Ida. 97,

141 Pac. 92; 4 Thompson on Corporations, sec. 4643; *Patterson v. Yuba County*, 12 Cal. 105.)

HEITMAN, District Judge.—This is an appeal from a judgment dismissing plaintiff's action. The trial court having sustained a demurrer to plaintiff's amended complaint, plaintiff thereafter elected to stand upon his amended complaint, and the judgment of dismissal was thereupon rendered.

The amended complaint alleges in substance as follows: Defendant was incorporated under the laws of Idaho for 2,000,000 shares of the par value of one dollar each. Prior to June 12, 1923, about 1,300,000 shares of the capital stock were issued and outstanding, which was all common stock. Plaintiff, at the times mentioned was, and now is, the owner of 37,000 shares of said capital stock.

On June 12, 1923, the board of directors, at a special meeting, called and held for that purpose, passed and adopted a resolution called in the briefs an agreement, the vital part of which is as follows:

"Now, therefore, be it resolved, that the stockholders of this company be invited to return their stock to the treasury of the corporation so as to again cause it to become treasury stock, and there to remain for a period of one and one-half years, or until such time as the directors of the company shall consider that its financial program has been sufficiently well carried out so that its future work will not be endangered by sale of private stock, when the said directors may break said agreement and cause said stock to be reissued;

"Be it further resolved, that if, after the deposit of any such certificate or certificates of stock, and the cancelation thereof on the books of the company, any assessment shall be levied, they shall not apply to or be collectible from such stock as may have been in such manner returned to the treasury."

On June 30, 1923, the defendant caused to be mailed to every stockholder of record a letter, the material part of which is as follows:

"Of course assessments levied after the stock is deposited will not burden the stockholders as their assessments will be taken care of, but those who do not send in their stock must expect, from time to time, to pay any such assessments that the directors may find it necessary to levy."

Accompanying this letter was an instrument to be signed by the respective stockholders who should return their stock to the company, in which the stockholder authorized the company to hold his stock so returned until January 1, 1925, unless sooner released and ordered reissued to the stockholder by the directors, and containing the following provision:

"You are also authorized to sell —— shares of said stock for me and in my name at not less than —— cents per share, remitting the proceeds to me. I reserve the right to cancel this privilege upon giving you 30 days notice at any time, if in the meantime and prior to the receipt of said notice, the stock shall not have been sold."

Pursuant to said resolution and letter, stockholders of defendant owning about 600,000 shares of the capital stock signed said agreement and delivered their respective stock certificates to the company, properly indorsed, which certificates, as the amended complaint alleges, were pretended to be canceled on the books, and said stock pretended to be returned to its treasury in accord with said resolution and proposal. All of the directors as stockholders entered into said agreement and returned their respective stock to the company, retaining only so much as was necessary to qualify them as directors.

On September 17, 1923, the directors levied an assessment of two and one-half cents per share on all of the outstanding capital stock of said corporation, pursuant to which order a notice of said assessment was published as required by law; copies of said assessment notice were mailed to the stockholders of record, including plaintiff, who had not entered into the agreement aforesaid; but such notice was not mailed or delivered to the stockholders who had returned their stock to the company under the said agreement, and no attempt was made by defendant to collect said assessment

from said last-mentioned stockholders or to enforce the collection thereof against their stock; but defendant wrongfully and unlawfully attempted to exempt from said assessment all of said stock that was so returned to the company. Plaintiff did not enter into said proposed contract with defendant and did not return his stock to the company for cancelation as required by said resolution. On November 1, 8 and 15, 1923, defendant caused to be published in a Wallace newspaper a notice to delinquent stockholders wherein was listed certain stockholders and their respective shares of stock upon which it was claimed said assessment was unpaid and delinquent, and notifying the stockholders therein named that their respective stock would be sold on November 17, 1923, to pay such delinquent assessment.

In said notice defendant listed only the names and stock of such stockholders as had not returned their stock to the company under the agreement aforesaid, and who had not paid said assessment, and purposely and intentionally omitted from said notice the names and stock of all stockholders who had returned their stock to the company, though none of said last-mentioned stockholders who had so returned their stock had paid such assessment upon the stock so returned. Plaintiff refused to pay the assessment on his stock and his name and stock were included in said notice of delinquent assessments, and his stock was advertised for sale on November 17, 1923; on November 16th plaintiff served a written protest upon defendant protesting against the sale of his stock, on the ground that said alleged assessment was exorbitant, unnecessary and unequally applied to the stock of said corporation, and that it unlawfully placed the burden of said corporation upon a portion of the stockholders, including plaintiff, and exempted other stockholders, namely, those who had entered into said proposed agreement and returned their stock to the company. Defendant disregarded plaintiff's protest, and on November 19, 1923, his stock was sold, or attempted to be sold, for the payment of the delinquent assessment and costs, and said stock was purchased or attempted to be purchased by the secretary of defendant on behalf of defendant corpora-

tion, and plaintiff's stock was canceled upon the books of the company and was attempted to be returned to the treasury thereof. On December 8, 1923, plaintiff demanded the reinstatement and reissuance of his stock upon the books of the defendant, free and clear of the lien of said assessment, which demand was refused by the defendant; and since November 19, 1923, defendant has refused 'to consider or recognize plaintiff as a stockholder of the corporation.

It is further alleged that said assessment, as levied and enforced, was not uniform in its operation, but was unequal, unfair and contrary to law, in that all the stock which had been returned to the company, as hereinbefore described, was exempted from said assessment and said assessment was collected, or attempted to be collected, only from those stockholders who had not returned their stock to the corporation in accordance with the resolution and agreement hereinbefore set forth; that said contract, whereby stockholders owning about 600,000 shares of the capital stock returned or attempted to return their respective stock to the treasury of defendant for a period of not exceeding one and one-half years, and reserving to themselves the right to cause the same to be sold for their credit and whereby said stock was exempted or attempted to be exempted from the operation of any and all assessments levied while said stock remained in the possession of said company, is null and void; that defendant is threatening to levy one or more additional assessments and to likewise enforce the same against only a portion of its outstanding capital stock, and to exempt and exclude from the operation thereof the stock returned to the company as aforesaid; that said contract is coercive in its effect and is unfair to and discriminates against, and unlawfully permits the directors of defendant to discriminate against those stockholders, including plaintiff, who did not accept said contract; that it unlawfully places the burden of financing said corporation, including the payment of salaries of the officers of the company, upon those stockholders who refused to accept said contract.

In his prayer to the amended complaint plaintiff demands:

1. That the said resolution, contract or agreement be set aside and canceled.

2. That plaintiff's stock consisting of 37,000 shares, sold at said sale and canceled on the books of the corporation, be reinstated; that the cancelation thereof be set aside; that plaintiff's title to said stock be quieted, and that he have such other and further relief as may be equitable.

To this amended complaint defendant interposed a voluminous demurrer containing four paragraphs. The important defenses set up in the demurrer are:

1. The amended complaint does not state facts sufficient to constitute a cause of action or to entitle plaintiff to any relief.

2. There is a defect of parties defendant in that according to the allegations of said amended complaint there are numerous stockholders of defendant company, owning approximately 600,000 shares of its capital stock who are parties to the alleged agreement that plaintiff seeks to have annulled, but who have not been made parties defendant in the action.

The assignments of error are:

1. The lower court erred in sustaining defendant's demurrer to plaintiff's amended complaint.

2. The court erred in rendering judgment dismissing plaintiff's action.

The appeal presents three vital questions: First, was the controverted assessment levied upon the capital stock, part of which was owned by plaintiff, void because unequal and not uniform between all stockholders? Second, is the suit or action barred by the provisions of C. S., sec. 4749? Third, is there a defect of parties defendant for failure to join in this suit or action the stockholders whose shares of stock were exempted from assessment?

While upon its face, as disclosed by the notice of assessment, the assessment appears to be valid, nevertheless it must be construed in connection with the resolution of the board of directors set forth in the record, which expressly declares that if any assessment shall be levied it shall not

apply to or be collectible from such stock as may have been returned to the company in accordance with said resolution; and we must also consider the circular letter addressed to the stockholders, the proposed contract accompanying said circular letter, the notice of assessment, the refusal of appellant to pay said assessment, the action of the board of directors in demanding payment of the assessment from only the stockholders who had refused to accept the proposition contained in said resolution, and the action of the board of directors in not attempting to collect the assessment from those stockholders who had accepted the proposition contained in the resolution and who had returned their stock to the company as provided in said resolution and proposition.

[1]   The record shows that about 600,000 shares of the capital stock were, under said assessment, exempt from the levy and payment of assessment, while about 700,000 shares of the capital stock, including appellant's stock, were attempted to be made liable for the assessment and the collection thereof was sought to be enforced by a sale thereof as delinquent.   Clearly this assessment was not equal and uniform among all stockholders.   The overwhelming weight of authority is to the effect that an assessment levied upon the capital stock of a corporation must be equal and uniform, otherwise the assessment is void.

There being no showing to the contrary, it must be assumed that appellant's stock had been fully paid for at the time of the assessment; and there is no dispute but that all of the company's stock was of the same class.

[2, 3]   The resolution of the board of directors of respondent, adopted June 12, 1923, and involved in this action, is called in the briefs of both appellant and respondent, a "contract" or an "agreement," but for the purposes of this suit between appellant and respondent it is not, and never was, an "agreement" or a "contract."   The resolution contains a proposition to be accepted or rejected by all stockholders, that is, a proposition to return the individual stock of the stockholders to the company.   It was rejected by appellant, and instead of being an "agreement"

or a "contract," it was a rejected proposition so far as this suit is concerned. It will hereafter in this opinion be referred to as "the proposition."

"The word 'assessment' and the words 'call' or 'instalments' are used interchangeably in the statute, yet, strictly speaking, the word 'assessment' means a demand upon stockholders for payments above the par value of their stock to meet the money demands of creditors of the corporation; while the word 'call' or 'instalments' means the action of the board of directors of the corporation demanding payment of all or a portion of unpaid subscriptions." (*Wall v. Basin Mining Co., Ltd.*, 16 Ida. 313, 101 Pac. 733, 22 L. R. A., N. S., 1013.)

To the instant case the word "assessment" properly applies.

[4] The levy and collection of assessments are statutory, and in this state the authority conferred upon the directors of a corporation to levy and collect assessments upon the subscribed capital stock for the purpose of paying obligations, conducting business, or paying debts, is provided for by C. S., sec. 4733.

[5] It must be conceded that the title to the 600,000 shares of stock belonging to the stockholders, other than the appellant, and which were deposited with the company according to the terms and provisions of the resolution of June 12, 1923, remained and was in said stockholders at the time of the assessment complained of. This stock did not become treasury stock. Too many indicia of individual ownership remained attached to this stock. It continued to be the property of the individual owner. Had it been treasury stock, it of course would have been exempt from assessment. It was not donated to the company by the owners thereof. While the proposition "invite stockholders to return their stock to the treasury of the corporation so as to again cause it to become treasury stock," the conditions attached to this invitation or proposition permit the stockholder so returning his stock to the company to retain such elements of ownership as disclose that the owner

remains the real and sole owner. It is provided that the stock shall remain in the treasury or with the company for a period of one and one-half years, or until such time as the directors shall consider that its financial program has been sufficiently carried out so that its future work will not be endangered by the selling of private stock, when the directors may break said agreement and cause said stock to be reissued to the respective shareholders who so deposited their said stock, without further price or expense to them. In the meantime the deposited stock should be free from any assessments that might be levied, and no collection of such assessments should apply to such deposited stock.

In the circular letter sent out by the directors on June 30, 1923, to all stockholders it is recited, among other things, that the deposited stock "will remain with the company until that time (one and one-half years) expires, unless the directors in the meantime shall be convinced that the financial condition of the company is such that the stock can be released; and whenever this stage is reached, that action will be taken." "If the (depositing) stockholder so desires, he can authorize the company to sell his stock at a figure to be fixed by him." And he was given the option to revoke this authority. "Of course, assessments levied after the stock is deposited will not burden the stockholders as their assessments will be taken care of, but those who do not send in their stock must expect from time to time to pay any such assessments that the directors may find it necessary to levy." Accompanying this letter was the form of agreement heretofore set forth.

Clearly this deposited stock did not become treasury stock, but remained the property of the depositing stockholder. No unwilling stockholder could be compelled to deposit his stock with the company under the provisions of the said resolution and proposition therein contained. Compulsion in such case would have been an unwarranted interference with the individual's property rights. It may be that it would have been to the best interests of the corporation had all stockholders accepted the said proposition to

deposit their stock with the company, but the fact remains that out of 1,300,000 shares of stock outstanding, 600,000 shares were so deposited, and the owners of 700,000 shares rejected the proposition. The proposition was attractive to those willing to so deposit their stock because they were to be, and were, exempted from assessments and the collection thereof for one and one-half years. The same proposition contained menace and threat to the stockholders unwilling to accept the proposition, because, if they rejected the proposition they would be required to bear the burden of assessments at the will of the directors.

Clearly the assessment was not equal and uniform between all stockholders of the same class. That point being decided we must inquire what was the legal effect of this unequal and not uniform assessment upon the rights of appellant. The authorities upon this question are numerous, decisive and apparently without conflict.

"Calls must in all respects, both as to times and amounts, be made, whether by the company in general meeting, or the directors, in such a way as to press equally upon all; and for the furtherance of the corporate purposes, i. e., for the *bona fide* purpose of obtaining capital, and not to enable any particular members to escape or lessen their liability." (Green's Brice's Ultra Vires, p. 151.)

"A call cannot be made so as to affect a part only of the subscribers. It must be made on all alike or it will be void. The courts will not allow the directors of a company so to proceed as to require some stockholders to pay calls, and not to require others to do the same. Any such attempt will be promptly set aside and rectified." (1 Cook on Corporations, sec. 114.)

Assessments must be equal, impartial and uniform to be valid; otherwise, they are void. (2 Thompson on Corporations, secs. 1721, 1964; 3 Thompson on Corporations, secs. 3094, 3387, 3339; 4 Thompson on Corporations, 2d ed., sec. 4815; 7 Thompson on Corporations, sec. 8666; Morawetz on Private Corporations, secs. 154, 305; 2 Clark & Marshall

on Private Corporations, sec. 405, p. 1272; 10 Cyc. 490; 7 R. C. L., sec. 220, p. 247.)

In *Great Western Tel. Co. v. Burnham,* 79 Wis. 47, 24 Am. St. 698, 47 N. W. 373, the supreme court of Wisconsin held:

"But we fully agree with the appellants' counsel that any call or assessment made upon the shares must be uniform, and in ratable amounts, and that any call or assessment which requires some shareholders to pay a higher rate than other shareholders is unjust, and should not be enforced. We have referred to the averment of the complaint which states that some of the stockholders have paid $10, or 40 per cent, on each share of stock held by them, while many of the stockholders have never paid more than 50 cents, or 2 per cent, on a share. It requires no argument to show that such a call or assessment on the stock is grossly unequal and unjust."

"A statute authorizing assessments does not authorize unequal assessments. They must be just and equal on all the stockholders." (14 C. J., 639; 7 Fletcher, Cyclopedia of Corporations, sec. 4275, p. 7536, citing *Herbert Kraft Company Bank v. Bank of Orland,* 133 Cal. 64, 65 Pac. 143; *Green v. Abietine Medical Co.,* 96 Cal. 322, 21 Pac. 100; *Sullivan County Club v. Butler,* 26 Misc. Rep. 306, 56 N. Y. Supp. 1; *Dotson v. Hoggan,* 44 Utah, 295, 140 Pac. 128.)

[6] From the foregoing authorities this court holds that the assessment in controversy herein was unequal and not uniform and therefore void, certainly as to the appellant, and being void, the sale of his stock under the assessment was void. Regardless of the motives impelling the directors to adopt a resolution such as the one in this case, we declare that no resolution, no plan, no device, no matter how cunningly conceived, skillfully worked, or adroitly executed, will be permitted to nullify this just and salutary rule of corporation law.

Respondent contends that appellant having made no offer to pay the assessment on his stock cannot maintain this

action, and relies upon C. S., sec. 4749. This section is an exact copy of sec. 347, Civ. Code of California. In the case of *Herbert Kraft Company Bank v. Bank of Orland,* 133 Cal. 64, 65 Pac. 143, the California court construed this section of the Civil Code, holding:

"It is claimed that the action is barred by the provisions of Civ. Code Section 347. . . . . We do not think the action was barred under the provisions herein quoted. This is not an action to recover the stock sold. Neither is the action for the purpose of recovering damages for its conversion. Section 347, Civ. Code, applies only where the action is for the recovery upon the ground of irregularity in the assessment, irregularity or defect in the notice of sale, or defect or irregularity in the sale. The assessment in this case was not an irregular assessment merely, but a void one."

[7] In the instant case the assessment being void, we hold that no tender of payment is required under C. S., sec. 4749.

[8] The purpose of this suit, in the last analysis, is the annulment of the forfeiture of appellant's stock sold for delinquency in his payment of the assessment in controversy. The assessment being void, the sale was invalid, and therefore the forfeiture was invalid.

"The stockholder is not without remedy where the corporation makes an unauthorized or wrongful assessment and then attempts to enforce it. A forfeiture and attempted sale under such circumstances would undoubtedly subject the corporation to the same liability and give the stockholder the same rights as in case of an invalid forfeiture and sale for the payment of call." (4 Thompson on Corporations, 2d ed., secs. 3748 and 4834.)

"A forfeiture cannot be validly declared for nonpayment of an illegal call, and it has been often held that a forfeiture for nonpayment of several calls, one of which is illegal, is void." (26 Am. & Eng. Ency of Law, 2d ed., 928; *Stoneham Branch R. Co. v. Gould,* 2 Gray (Mass.), 277.)

[9] Generally an invalid forfeiture will be annulled at the suit of a stockholder. (26 Am. & Eng. Ency. of Law,

2d ed., 931, and cases cited in note; *Kraft Company Bank v. Bank of Orland, supra; Mitchell v. Vermont Copper Mining Co.,* 67 N. Y. 280.)

[10] Assessment and sale of stock for a delinquent assessment is a proceeding to enforce a forfeiture. (*Corcoran v. Sonora Min. & M. Co.,* 8 Ida. 651, 71 Pac. 127; *Clise Investment Co. v. Washington Sav. Bank,* 18 Wash. 8, 50 Pac. 575; 2 Thompson on Corporations, sec. 1766.)

[11] Respondent contends that there is a defect of parties defendant, in that the stockholders of the respondent owning approximately 600,000 shares of its capital stock who returned their stock to the company under the resolution of June 12, 1923, have not been made parties defendant in the action. Respondent cites C. S., secs. 6646 and 6657, in support of its contention. We cannot see how the stockholders who returned their stock to the company under the resolution of June 12, 1923, are necessary parties to a complete determination or settlement of the question involved in this suit between respondent and the appellant. As regards appellant, the resolution is not and never was an agreement; as to him the entire resolution was and is a rejected proposition. There is no privity or connection whatever between appellant and the owners of the 600,000 shares of stock. Furthermore, there is only one defense that could be made in this case, and respondent has made that defense as fully as could be made; the owners of the 600,000 shares of stock can make no other or further defense to appellant's suit than has been made by respondent. Then, why require the doing of a vain thing? Why enlarge the scope and prolong the life of this litigation by adding new parties thereto who cannot add to or in any way strengthen the defense?

[12] Furthermore, the contention of respondent in regard to a defect of parties defendant is based upon the claim on the part of respondent that the resolution of June 12, 1923, is a contract between the corporation and the stockholders who returned their stock, and that this suit is for the purpose of setting aside that contract. There is no reference in the complaint to the setting aside of that alleged

contract, but in the first paragraph of the prayer to the amended complaint plaintiff prays that said contract be adjudged null and void. It is familiar practice that the prayer is no part of the statement of the case as alleged in the charging part of the complaint.

As heretofore held, the real purpose of this suit is to annul the forfeiture of appellant's stock by the sale thereof under a void assessment. There is no merit in the contention that there is a defect of parties defendant.

The judgment of the lower court is reversed and the cause is remanded, with instructions to proceed in accordance with this opinion. Costs awarded to appellant.

William A. Lee, C. J., and Budge and Givens, JJ., concur.

Taylor, J., took no part.