(January 30, 1926.)

## J. M. MOLLOY, Respondent, v. MEL BEARD, Appellant.

### [243 Pac. 823.]

CLAIM AND DELIVERY—SALE—CONTRACT OF SALE—RESCISSION OF CONTRACT—CONFLICTING EVIDENCE—DELIVERY OF CHATTEL SOLD—CONSTRUCTIVE DELIVERY—SALE WITHOUT DELIVERY OF POSSESSION.

1. Contract to sell may be rescinded by agreement of the parties.

2. It is substantial evidence that seller elected to rescind his contract to sell, that he later gave to a third person a bill of sale of the same articles.

3. Conversation of one who had contract to buy with one whom he knew had later received a bill of sale of and paid for the same articles is substantial evidence of his election to rescind his contract to purchase.

4. To transfer title to chattel, actual possession of article need not be transferred, where no creditor, subsequent purchaser or encumbrancer is involved, but constructive delivery by bill of sale is enough.

APPEAL from the District Court of the Second Judicial District, for Clearwater County. Hon. Edgar C. Steele, Judge.

Action in claim and delivery. Judgment for plaintiff. *Affirmed.*

John J. Blake, for Appellant.

The judgment is contrary to law. (C. S., sec. 5434; *Rickey v. Stewart,* 45 Minn. 437, 48 N. W. 22; 35 Cyc. 189; *Pound v. Pound,* 60 Minn. 214, 62 N. W. 264.)

Publisher's Note.

1. See 6 R. C. L. 921.
4. See 24 R. C. L. 17.

See Replevin, 34 Cyc., p. 1509, n. 68.

Sales, 35 Cyc., p. 129, n. 76; p. 156, n. 69, 78 New; p. 304, n. 39 New; p. 305, n. 49 New.

Frank F. Kimble, for Respondent.

"When the goods are at the time of the sale in the possession of a third person actual manual delivery is not necessary, but it is sufficient if the goods are pointed out and turned over to the buyer, who arranges with such third person to hold the goods on his behalf." (35 Cyc. 193.)

"If there is a conflict in the evidence and there is evidence in the record which if uncontradicted would support the judgment, this court must sustain it. (*Fritcher v. Kelley*, 34 Ida. 468, 471, 201 Pac. 1037; *Mahaffey v. Carlson*, 39 Ida. 162, 228 Pac. 793.)

"When property sold in good faith is, at the time, in the custody of a third person, notice to him is sufficient to constitute delivery, as to subsequent purchasers or attaching creditor." (*Lufkin v. Collins*, 2 Ida. 150, 7 Pac. 95.)

A constructive delivery is sufficient when property is in the hands of third parties at the time of the sale. (*Cornwall v. Mix*, 3 Ida. 687, 34 Pac. 893.)

TAYLOR, J.—This is an action in claim and delivery to recover a team of horses. Trial by jury was waived, and the court made findings of fact and conclusions of law that plaintiff was the owner of the horses and entitled to the possession thereof, and entered judgment in his favor. This appeal is from the judgment.

Appellant, defendant below, specifies as error that the findings are contrary to and not supported by the evidence. One Tague was the original owner of the horses. The plaintiff alleged and proved the execution and delivery of a bill of sale from Tague to himself on June 27, 1923, conveying and warranting title to the horses, and his payment therefor. Defendant contends that Tague sold them to him on May 19, 1923. The case turns on whether the transaction between Tague and defendant was a sale or a contract to sell, and whether, if the latter, it was rescinded. Defendant contracted on that date to buy the team and pay for them on June 1st or 10th. Payment was not made, and

on June 26th defendant gave Tague a check which was dishonored. The next day Tague executed the bill of sale of the team to plaintiff, who paid for them. The dishonored check was afterwards returned to defendant, and he has paid nothing for the team.

[1] Appellant contends that, even conceding that the first transaction was a contract to sell only, the court erred in finding that he rescinded it. A contract to sell may be rescinded by agreement of the parties. [2] The bill of sale is substantial evidence that Tague elected to rescind, and there is other evidence that defendant did, also. Defendant knew that plaintiff paid for the team. [3] Plaintiff testified that he was willing to sell the horses to defendant, and that ''About a month afterwards, he (defendant) came to me and he says, 'Joe, if you want your money for that team, and get a chance to sell it elsewhere, go ahead; I haven't the money, and I don't know when I will get it, but I would like for you to hold them until I get the money,' and I told him I would let it rest for the time being.''

This is substantial evidence that defendant elected to rescind his contract to purchase of May 19, 1923.

The court found that the original transaction between Tague and defendant was a contract to sell and not a sale, and that it was rescinded by them prior to the sale to plaintiff. The evidence is conflicting, but there is sufficient evidence to support that finding, and it will not be disturbed.

[4] Defendant argues that the purported sale to plaintiff was not valid because Tague made no delivery of the horses to plaintiff. It is undisputed that, at the time of the sale, defendant had possession of the team. Plaintiff contends, and the court found, that defendant, acting through an agent, one Kennedy, did make delivery to him. There was some evidence tending to support plaintiff's contention, but we do not regard the point a vital one. In order to transfer title to a chattel, it is not necessary that actual possession also be transferred, where the rights of no creditor, subsequent purchaser or encumbrancer are involved.

In this case, the delivery of the bill of sale by Tague to plaintiff was a constructive delivery of the chattels covered thereby, sufficient as against defendant.

The judgment is affirmed. Costs to respondent.

William A. Lee, C. J., and Wm. E. Lee, Budge and Givens, JJ., concur.