(January 20, 1908.)

### JOSEPH C. DUNBAR, Respondent, v. WALTER GRIFFITHS, Appellant.

[93 Pac. 654.]

AMENDMENTS TO PLEADINGS—A MATTER OF COURSE—RIGHT A MATTER OF DISCRETION.

1. Under the provisions of sec. 4228, Rev. Stat., the parties may amend *any pleading* once as a matter of course at any time before answer or demurrer filed, or after demurrer and before the trial of the issue of law thereon, but such right of amendment without leave of court does not extend beyond the time allowed by law for filing a demurrer or answer where no such pleading has in fact been filed, and the right to thereafter file such a pleading rests. in the sound discretion of the court.

2. Under sec. 4229, Rev. Stat., great liberality must be exercised in the allowance of amendments to pleadings.

3. Where a party applies to the court under sec. 4229 for permission to file an amended pleading, and the application is one that addresses itself solely to the discretion of the court and the party asks leave to make a showing as to the reasons why he had not previously offered the amendment and why he has delayed, and his reasons for invoking the discretion of the court, it is an.

abuse of discretion for the court to refuse to permit him to make such showing or state to the court his reasons and grounds therefor, and to thereupon deny the application to amend.

4. The sound, legal discretion of the trial judge will be determined from the showing made, and the circumstances under which such showing was made or offered to be made.

(Syllabus by the court.)

APPEAL from the District Court of the Seventh Judicial District for the County of Canyon. Hon. Frank J. Smith, Judge.

Action by the plaintiff to quiet title to a certain tract of real estate. Judgment for the plaintiff and defendant appealed. *Reversed.*

Frank Martin, L. L. Feltham, and Griffiths & Griffiths, for Appellant.

Under sec. 4228, Rev. Stat., and under the code system of pleading in general, the defendant is entitled to amend the answer once as a right, and without first obtaining leave of the court. This section is identical with sec. 472 of Deering's Code of Civil Procedure of California, which had been so construed at the time our section was enacted. (*Elder v. Spinks,* 53 Cal. 293; *McGary v. De Pedrorena,* 58 Cal. 91; *Barron v. Deleval,* 58 Cal. 95; *Hedges v. Dam,* 72 Cal. 521, 14 Pac. 133; *Curtiss v. Bachman,* 84 Cal. 216, 24 Pac. 379; *Durrell v. Dooner,* 119 Cal. 413, 51 Pac. 628.)

Under sec. 4229, Rev. Stat., it was the duty of the court, in the exercise of sound judicial discretion, to permit defendant to file his amended answer. But instead of exercising a sound judicial discretion in this case, it appears that the court exercised a very arbitrary and unfair discretion in not permitting defendant to even make a showing in the matter. (1 Ency. of Pl. & Pr., 516; Bliss on Code Pleading, sec. 430.)

Rice & Thompson, for Respondent.

The principal question raised by the defendant in this case is whether the court erred in granting the motion to strike

said amended answer from the files when the same was filed on the morning of the day set for the trial of the cause, the witnesses of the plaintiff being in court, and a year and one month having elapsed between the filing of the original answer and the day set for the trial, during all of which time the defense stated in the amended answer was known to the defendant. Under these circumstances, there was no abuse of discretion on the part of the court in granting plaintiff's motion. (*Dow v. Blake*, 148 Ill. 76, 39 Am. St. Rep. 156, 35 N. E. 761; *Elyton Land Co. v. Denny*, 108 Ala. 553, 18 South. 561; *Hurlbut v. Interior Conduit & Insulation Co.*, 28 N. Y. Supp. 1007, 8 Misc. Rep. 100; *Brady v. Peck*, 99 Ky. 42, 34 S. W. 906, 35 S. W. 623; *Newton v. Terry* (Ky.), 22 S. W. 159; *Tulare Bldg. & Loan Assn. v. Coleman* (Cal.), 44 Pac. 793; *Bransford v. Norwich Union Fire Ins. Soc.*, 21 Colo. 34, 39 Pac. 419; *Lewin v. Houston*, 8 Tex. 94; *Foutty v. Poar*, 35 W. Va. 70, 12 S. E. 1096; *Atkeson v. Salyer* (Ky.), 64 S. W. 443; *Walbridge v. Tuller*, 125 Mich. 218, 84 N. W. 133; *Miller v. Mitchell*, 58 W. Va. 431, 52 S. E. 478; *Rawlings v. Fisher*, 110 Mich. 19, 67 N. W. 977; *Chicago etc. Ry. Co. v. Shaw*, 63 Neb. 380, 88 N. W. 508; *Hedges v. Roach*, 16 Neb. 673, 21 N. W. 404; *Adams v. Chicago Trust & Savings Bank*, 54 Ill. App. 672; *Lewis v. Williams* (Tex.), 91 S. W. 247; *Board of Commrs. v. Castetter*, 7 Ind. App. 309, 33 N. E. 986, 34 N. E. 687.)

AILSHIE, C. J.—This appeal is from the judgment and an order denying a motion for a new trial. The action is one to quiet title. Plaintiff's complaint is in the usual form, alleging fee simple title and exclusive right of possession. Defendant answered denying plaintiff's title and right of possession and alleged title and exclusive possession and right of possession in himself. The cause was tried on an amended complaint, which appears to have been filed on September 2, 1904. The answer was filed on February 7, 1905. So far as the record is concerned, the case appears to have rested without any further proceedings being had thereon except the taking of some depositions, until March 1, 1906.

The case seems to have been previously set for trial for the latter date. Before entering upon the trial, the defendant filed an amended answer containing the same denials and affirmative allegations as contained in his original answer, and in addition thereto alleging that he was the owner of the property in question and that he deraigned title through a sheriff's deed issued on an execution sale in a case wherein Sweet, Dempster & Co. had procured judgment against W. C. Dunbar, a brother of the plaintiff. Defendant alleged that while W. C. Dunbar was heavily indebted and in an insolvent condition, he purchased this tract of land and caused the same to be conveyed to his brother Hiram C. Dunbar, and that the latter acquired no interest therein and paid nothing whatever therefor, and was cognizant of the fraud being perpetrated on the creditors of W. C. Dunbar, and that in furtherance of the fraudulent purpose and with a view to concealing the fraudulent character thereof, Hiram C. Dunbar transferred the property, without consideration, and in furtherance of the fraud upon W. C. Dunbar's creditors, to the plaintiff herein. It was further alleged that the transfer and transaction whereby the plaintiff acquired the legal title to the property was fraudulent and void as against the creditors of William C. Dunbar, and that in truth and in fact the judgment debtor, William C. Dunbar, at all times prior to the execution sale, exercised the sole and exclusive control and right of possession over the property. The defendant did not seek any affirmative relief, nor did he ask for a decree quieting his own title, but only prayed that the plaintiff's prayer be denied and that his action be dismissed. The amended answer was filed March 1, 1906, being a year and one month after the filing of the original answer. On motion of the plaintiff the court made an order striking the amended answer from the files upon the ground that it had not been made until the time set for the trial of the case, and that it had been filed without leave of the court. The defendant at the time of this ruling made the following statement and offer to the court: "If there is any reason why any terms should be granted to the other side, we will

agree to anything that the court decides in this matter. We
have relied upon the fact that we would have the right to
amend. We feel that if the court will give us permission,
we can present to the court proper showing why this amend-
ment has not been made before, and to deny us this right
practically denies us the right to make a defense in this
case." The court denied the application and refused to give
the defendant time or opportunity to make a showing why he
should be allowed to go to trial on his amended answer as
presented to the court. The trial proceeded, and after the
plaintiff rested, the defendant submitted evidence tending to
prove each of the allegations of his amended answer and
tending to establish that the equitable title rested in him,
and that the plaintiff's legal title had been acquired in fraud
of the creditors of the judgment debtor. The court ex-
cluded all the evidence tending to establish such defense and
entered judgment against the defendant and in favor of the
plaintiff, quieting his title. The defendant, who is appellant
in this court, argues, first, that under the provisions of sec-
tion 4228, Rev. Stat., he was entitled to amend his answer
as a matter of course, at any time before actually entering
upon the trial of the case. That portion of sec. 4228 on
which appellant relies is as follows: "Any pleading may be
amended once by the party of course, and without costs,
at any time before answer or demurrer filed, or after de-
murrer and before the trial of the issue of law thereon, by
filing the same as amended, and serving a copy on the adverse
party, who may have ten days thereafter in which to answer
or demur to the amended pleading." The section provides
that, "Any pleading may be amended once by the party of
course," provided that he does so "before answer or demur-
rer filed, or after demurrer and before the trial of the issue
of law thereon." (*Hedges v. Dam,* 72 Cal. 520, 14 Pac. 133;
*Spooner v. Cady* (Cal.), 36 Pac. 104.) The language of this
section is somewhat uncertain as to the limitation of time
within which this amendment may be made as a matter *of
course.* It is clear to us, however, that where an answer has

been filed and a demurrer has been interposed, that either the demurrer or answer may be amended as a matter of course at any time "before the trial of the issue of law thereon." We think, however, that this section must be read in connection with the other provisions of the statute (secs. 4174, 4176 and 4140, Rev. Stat.) fixing the time for demurrer or answer to a pleading. A plaintiff may demur to the defendant's answer within ten days after service thereof (sec. 4193, Rev. Stat.) If he does not demur within that time, he has no absolute right to do so thereafter without leave of court. If he should let the time for filing a demurrer to the answer expire without demurring, we do not think the defendant would thereafter be entitled to amend his answer as a matter of course, but would be then bound to invoke the discretion of the court (which must be liberally exercised) as provided for under sec. 4229. In this case we think the court abused its discretion, at least in that he refused to allow the defendant to make a showing as to why he had not previously filed his amended answer and the reasons for his delay. Had the delay caused plaintiff any material injury or delay, the court could have protected him by imposing terms on defendant. Defendant might have been able to make a showing that would have established a clear and convincing case of abuse of discretion on the part of the court had the court still gone ahead and made the order striking the amended answer from the files. Since that showing is not before us, and was not before the trial court, we cannot surmise or anticipate what it would have been; but in view of the condition of the case and the pleadings at that time, and the statement of counsel and the refusal of the court to permit a showing, the whole transaction viewed together constitutes such abuse of discretion as calls for a reversal of the judgment. This court has often expressed the view that trial courts should be liberal in the matter of permitting amendments to pleadings where it appears that they are in good faith and their allowance would serve the ends of justice. (*Kroetch v. Empire Mill Co.,* 9 Ida. 277, 74 Pac. 868;

*Kindall v. Lincoln Hdw. Co.*, 10 Ida. 13, 76 Pac. 992; *Murphy v. Russell & Co.*, 8 Ida. 133, 67 Pac. 421.) The judgment will be reversed and a new trial granted. The cause is remanded accordingly. Costs awarded in favor of appellant.

Sullivan and Stewart, JJ., concur.