(No. 7267. April 29, 1946.)

IVA PETTY, Plaintiff-Respondent, v. FOLLIS G. PETTY, LESLIE GARDNER PETTY, an infant; FAITH GENEAL PETTY, an infant; MARY MARGUERITE FORD PETTY, MILTON E. ZENER and BEN PETERSON, Defendants-Appellants.

[168 P. (2d) 818.]

Zener & Peterson for appellants.

Samuel Adelstein for respondent.

HOLDEN, J.—May 8, 1942, William F. Howard and Minnie F. Howard, husband and wife, by warranty deed, conveyed the real property involved in this suit to Follis G. Petty and Iva Petty. March 3, 1944, the said deed was recorded in the office of the County Recorder of Bannock County. March 2, 1944, Follis G. Petty, by deed conveyed to his legal wife, Iva Petty, the real property conveyed by the Howards, and on the same day Follis G. Petty did "grant, bargain, sell and convey unto said" Iva Petty, by bill of sale, certain personal property, furniture and fixtures, described therein, the said real and personal property being the community property of the said Follis G. Petty and Iva Petty. March 3, 1944, the said deed was also recorded in the office of the County Recorder of Bannock County. March 7, 1944, the said Follis G. Petty and Iva Petty executed and delivered to A. P. Marso and the Atlas Loan & Investment Company, a corporation, a deed to said real property for the purpose of securing bail, which deed was recorded March 8, 1944, in the office of the County Recorder of Bannock County. April 4, 1944, said A. P. Marso and Evelyn M. Marso and the Atlas Loan & Investment Company, a corporation, executed a quit claim deed to said Follis G. Petty and Iva Petty, covering the above mentioned real property, said quit claim deed being recorded in the office of the County Recorder of Bannock County, Idaho, April 5, 1944. April 11, 1944, said Atlas Loan & Investment Company quit claimed said real property to Follis G. Petty and Iva Petty, the quit claim deed being recorded in the office of the County Recorder of Bannock County, April 29, 1944. May 25, 1944, Leslie Gardner Petty, a minor, then about three years old, by and through his guardian ad litem, Mary Marguerite Ford Petty (not the legal wife of Follis G. Petty), commenced

a suit in the District Court of the Fifth Judicial District of the State of Idaho, in and for Bannock County, against Follis G. Petty and Iva Petty, his wife, and others for the support of the said Leslie Gardner Petty, minor child of the said Mary Marguerite Ford Petty and the said Follis G. Petty, and for attorney fees. August 14, 1944, an order was made and entered in said last mentioned suit whereby it was ordered that Follis G. Petty pay the said guardian ad litem, Mary Marguerite Ford Petty, the sum of $35.00 a month for the support of said minor, Leslie Gardner Petty, together with the further sum of $25.00 suit money and $100.00 temporary counsel fees. May 25, 1944, suit was commenced by Faith Geneal Petty, a minor, then about eight years old, by and through her guardian ad litem, Mary Marguerite Ford Petty, against Follis G. Petty and Iva Petty, his wife, and others, for the support of said Faith Geneal Petty, minor child of said Mary Marguerite Ford Petty and said Follis G. Petty, and for attorney fees. August 14, 1944, an order was made in said last mentioned suit requiring said Follis G. Petty to pay the sum of $35.00 a month for the support and maintenance of said minor, Faith Geneal Petty, together with the further sum of $25.00 suit money and the further sum of $100.00 temporary counsel fees. December 13, 1944, judgment was rendered and entered in the last mentioned suit for costs, support, suit money, temporary counsel fees, and permanent counsel fees. November 4, 1944, this suit was commenced by respondent Iva Petty against Follis G. Petty, Leslie Gardner Petty, an infant; Faith Geneal Petty, an infant; Mary Marguerite Ford Petty, Milton E. Zener and Ben Peterson, to quiet title to the real and personal property described in the complaint, it being in the usual form.

November 9, 1944, the above named defendants, excepting Follis G. Petty, answered the complaint. Thereafter, to-wit, January 24, 1945, said defendants, excepting the said Follis G. Petty, filed an amended answer, the answer upon which the cause was tried. By the amended answer the said defendants denied the material allegations of the complaint and affirmatively alleged the said real and personal property was the community property of Follis G. Petty and Iva Petty. The cause was tried to the court, sitting without a jury, January 24, 1945. Thereafter, and before the decree was entered, to-wit, April 23, 1945, appellants moved the court to reopen the case "to enable

defendants to move for leave to amend defendants' answer so as to allege that the purported deed and bill of sale between the plaintiff and defendant, Follis G. Petty, dated March 2, 1944, was void for the reason that the same was fraudulent. . ." The motion was denied.

May 7, 1945, findings of fact and conclusions of law were filed and on the same day decree was entered thereon in favor of respondent and against appellants, quieting title in respondent to the real and personal property in question. The appeal to this court is from the decree.

Appellants complain the court erred in denying their motion to reopen the case and for leave to amend their answer by pleading fraud. The motion was made, as above pointed out, before the decree was entered. Our statute covering amendments, relief from defaults and negligence of attorneys is rather broad and comprehensive. We quote as follows:

(Sec. 5-905, I.C.A.) "The court may, in furtherance of justice and on such terms as may ·be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect, and may upon like terms, enlarge the time for answer or demurrer. The court may likewise, in its discretion, after notice to the adverse party, allow upon such terms as may be just an amendment to any pleading or proceeding in other particulars, and may, upon like terms, allow an answer to be made after the time limited by this Code, and also relieve a party, or his legal representative, from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect; and whenever, for any reason satisfactory to the court or the judge thereof, the party aggrieved has failed to apply for the relief sought during the term at which such judgment, order or proceeding complained of was taken, the court, or the judge thereof in vacation, may grant the relief upon application made within a reasonable time, not exceeding six months after the adjournment of the term. Whenever any judgment, order or proceeding is taken against a party otherwise without default, through the neglect or failure of any attorney of such party to file or serve any paper within the

time limited therefor, the court, or the judge thereof, in vacation, shall, upon application filed within the time above limited, set aside such judgment, order or proceeding and may, in its discretion, require the attorney guilty of such failure or neglect to pay the costs or expenses actually and necessarily occasioned to the opposite party by such failure or neglect, and may, in its discretion, also impose upon such attorney a penalty of not exceeding $100.00. * * *"

 Unquestionably this statute is broad enough to entitle appellants to the relief they sought. Hence, and in view of the fact this court is firmly committed to the rule that great liberality should be exercised in permitting amendments, and, further, that justice will be best served thereby, the decree is reversed and the cause remanded with directions to the trial court to reopen the case and grant appellants leave to amend on such terms as the court may deem just and equitable. However, and inasmuch as we are reversing the decree and remanding the cause, we deem it advisable to pass upon a question about which there is serious dispute. Appellants contend the claim of a minor child against his father for support, even prior to and before being reduced to judgment, is such as to bring it within the provisions of Section 54-906, I.C.A. That section provides:

Sec. 54-906, I.C.A.). "Every transfer of property, or charge thereon made, every obligation incurred, and every judicial proceeding taken, with intent to delay or defraud any creditor or other person of his demands, is void against all creditors of the debtor and their successors in interest, and against any person upon whom the estate of the debtor devolves in trust for the benefit of others than the debtor."

Under a Wisconsin statute which, like Section 54-906, supra, avoids every conveyance made with intent to delay or defraud creditors "or other persons," the Supreme Court of that State in *Pierstoff v. Jorges* (Wis.), 56 N.W. 735, 738, held:

"Counsel, moreover, contends that the plaintiff could in no event be regarded as a creditor of the defendant Julius until she had recovered her judgment, and that she did not recover that until four days after the transfers mentioned, and hence that the plaintiff is in no condition to question the validity of such transfers. But the statute expressly

avoids every conveyance or assignment of any estate or interest in goods or things in action, made with the intent to hinder, delay, or defraud creditors or other persons of their lawful actions, debts, or demands, as against the person so hindered, delayed, or defrauded. * * * Thus, conveyances made by a man, a short time before his marriage, in fraud of his prospective wife's right of dower, are voidable under this statute. (Citing cases)."

To the same effect: *Leonard v. Bolton* (Supreme Judicial Court of Mass.), 26 N.E. 1118; *Schuster v. Stout* (Kan.), 2 P. 642, 644; *Murray v. Murray* (Cal.), 47 P. 37.

Respondent contends a creditor must reduce his claim to judgment before he can maintain a suit to set aside a conveyance as fraudulent, citing *Perkins v. Bundy*, 42 Ida. 560, 564, 247 P. 751. It is the general rule, as we held in the Perkins case, that a creditor must reduce his claim to judgment before he can prosecute a suit to set aside a conveyance as fraudulent. In other words, the mere assertion of a claim is not sufficient upon which to base a suit to set aside a conveyance. In the case at bar, however, we are not dealing with a merely asserted claim. Here, the obligation of the father to support his children is statutory. (Sec. 31-1003, I.C.A.; Sec. 17-1901, I.C.A.). Therefore, it stands on an equal footing with a claim reduced to judgment. Hence, constitutes an exception to the general rule (that exceptions to the general rule have been heretofore recognized, see *Peacock v. Fairbairn*, 45 Ida. 628, 264 P. 231).

The claim of a minor child against his father for support, before being reduced to judgment, being statutory, is such as to bring it within the provisions of Section 54-906, supra.

Costs awarded to appellants.

Ailshie, C.J., and Budge, Givens and Miller, JJ., concur.