186 P.2d 876

**SWANSTROM v. BELL.**

No. 7339.

Supreme Court of Idaho.

Nov. 19, 1947.

Frank Griffin, of Coeur d' Alene, for appellant.

W. F. McNaughton and Herbert S. Sanderson, both of Coeur d' Alene, and Bandelin & Bandelin, of Sandpoint, for respondent.

**556**

GIVENS, Justice.

Plaintiff-respondent sued defendant-appellant in replevin for the possession or recovery of the alleged ($1283.00) value of certain described livestock and farm machinery.

Appellant counterclaimed, contending the bill of sale under which respondent sought possession, was intended to be a mortgage and respondent had only the right to foreclose.

Respondent's version of the underlying transaction was that he purchased the property from appellant, paying therefor by liquidating certain outstanding indebtedness of appellant, including a note and mortgage due one Mr. Kitts. Appellant was to have the use of the property until the fall, feeding the cattle, which by their increased value, with the machinery, would then about equal the money paid by respondent.

Appellant testified respondent was to pay this outstanding indebtedness, advance additional money so appellant could blow out stumps and otherwise clear and improve his land and obtain registered stock, replace the bill of sale with a mortgage and give appellant two years within which to repay; that respondent refused to advance the additional funds; that the consideration was inadequate to support a sale and there had been no change of possession, and as a sale it stripped him of the means to farm. Appellant asked for damages claimed to have resulted from the alleged wrongful seizure of the property.

Both sides gave extensive evidence as to their respective positions dealing with each other, and respondent produced witnesses to impeach appellant's reputation for veracity, and though necessarily conflicting, there is ample evidence to support the verdict. Not all the property itemized in the bill of sale was found when the writ of replevin was levied. The jury resolved the conflicts in favor of respondent and fixed the value of the itemized property at $2012.00. Appellant testified its value was $2068.00.

"The relief granted to the plaintiff, if there be no answer, can not exceed that which he shall have demanded in his complaint; but in any other case the court may grant him any relief consistent with the case made by the complaint embraced within the issue." Section 7-704, I.C.A. There were both answer and counterclaim herein—hence, the relief exceeding the amount specified in the complaint was permissible. Dunn v. Stufflebeam, 17 Idaho 559, at page 565, 106 P. 1129; Schlieff v. Bistline, 52 Idaho 353, at pages 360, 361, 15 P.2d 726. This disposes of the factual issues. Wright v. Rosebaugh, 46 Idaho 526, 269 P. 98.

Appellant gave respondent a bill of sale to the goods and if he thereby acquired title, he was entitled to the possession. Molloy v. Beard, 42 Idaho 115, at pages 116, 117, 243 P. 823.

■■ Instruction No. 5[1] was not incorrect because, while one may· have right of possession without title, Smith v. Washburn-Wilson Seed Co., 40 Idaho 191, at page 195, 232 P. 574, executed title, without possession being lawfully in some one else, authorizes the title holder to sue for possession. Bertleson v. Van Deusen Brothers Co., 37 Idaho 199, 217 P. 983; 46 Am.Juris. p. 5, Sec. 23, 24; 54 C.J. 437. By the pleadings and elucidating evidence, the issue was clearly drawn that the transaction was either a concluded sale or a chattel mortgage and the instruction was, with others hereafter considered, correctly responsive to such issue and its determination. The court instructed the jury to consider the instructions together; therefore, the above instruction must be considered with those stating the law as to appellant's contentions. Furthermore, Instruction No. 2[2] fully covered appellant's thought in this regard.

■■ Appellant urges as erroneous the giving of Instruction No. 10 and refusing certain of appellant's proffered instructions. Those offered were involved, lacked clarity, confused and intermingled inaccurate statements of law, and so far as pertinent and proper, were covered by those given by the court: namely, Instructions Nos. 10,[3] 11[4]

---

[1] "If you find from a preponderance of the evidence that said defendant gave said plaintiff an absolute bill of sale for said property on April 16th, 1945, then the said plaintiff had the right to the possession of said property mentioned in said bill of sale and had the right to take the legal steps necessary to seize said property and that said defendant cannot claim any damages by reason of the lawful seizure of said property." Instruction No. 5.

[2] "You are instructed that the right to the immediate and exclusive possession of the personal property mentioned in plaintiff's complaint is a prerequisite to the maintenance of an action by plaintiff and in order for plaintiff to maintain said action he must not only. prove his right to such possession at the time of the taking of said personal property but also that defendant was wrongfully in possession of the same." Instruction No. 2.

[3] "You are further instructed that if you find that the defendant executed for good and valuable consideration a bill of sale to the personal property involved and simultaneously agreed that the property might remain on the defendant's place until November 1, 1945, delivery or lack of delivery of the property at the time of the execution of the bill of sale would not affect the title to the property.

"If, on the other hand, you find that the parties made no such agreement then the retention or possession by the defendant, permitted by the plaintiff, from April 16, 1945 to November 7, 1945 is indicative of an intended mortgage." Instruction No. 10.

[4] "The law of the state provides that, 'Every transfer of interest in property other than in trust, made only as a security for the performance of another act, is to be deemed a mortgage, except when in the case of personal property it is accompanied by an actual change of

(Schleiff v. McDonald, 41 Idaho 50, 237 P. 1108) and 12.[5] These Instructions fully comply with the law as contained in appellant's authorities thus:

"Possession of personal property is indicia of ownership. One in custody of personal effects is presumed to be rightfully in possession thereof. Hare v. Young, 26 Idaho 691, 702, 146 P. 107; American Fruit Growers, Inc., v. Walmsted, 44 Idaho 786, 791, 260 P. 168; 86 A.L.R. 1413."

"In an action of this character the necessitous condition, especially in connection with the inadequacy of price will go far to establish the fact that a mortgage was intended, and party entitled to an instruction to that effect. Dickens v. Heston, 53 Idaho 91, 103, 21 P.2d 905, 90 A.L.R. 944; 41 C.J. 288, Sec. 24."

The instructions were adequate and correct and no error appearing, the judgment is *affirmed.* Gordon v. Loer, 57 Idaho 269, at page 278, 65 P.2d 148. Costs awarded respondent.

BUDGE, C. J., and HOLDEN, MILLER, and HYATT, JJ., concur.

---

possession, in which case it is deemed a pledge.'

"You are instructed that the determination of whether or not this bill of sale in question is a mortgage or a bill of sale is a question solely for the jury and your finding in that regard is the determining issue in this case. That is, if you find that the bill of sale conveyed the title and was intended as a bill of sale then you must find for the plaintiff.

"If, on the other hand, you find it was intended only as security for the repayment of monies advanced then you shall find for the defendant and assess such general and special damages as in your opinion are proper, but in no event to exceed $500.00 general damages or $1,-549.20 special damages." Instruction No. 11.

[5] "You have a right to consider the value of the property involved at the time of the execution of the Bill of Sale as one of the factors in determining whether or not it was intended as a Bill of Sale or a Chattel Mortgage.

"If you find that the value of the personal property at the time of the execution of the Bill of Sale was greatly disproportionate to the credits or monies extended then that should be a factor indicative of an intended Chattel Mortgage.

"If you find, on the other hand, that the monies or credits extended were not greatly disproportionate to the value of the personal property at the time of the execution and delivery of the Bill of Sale such finding would be indicative of an intended sale and not a Chattel Mortgage unless other evidence convinces you to the contrary." Instruction No. 12.