208 P.2d 795

**STIVERS et al. v. SIDNEY MINING CO.**

**No. 7510.**

Supreme Court of Idaho.

June 28, 1949.

Rehearing Denied Aug. 29, 1949.

Whitla & Knudson, Coeur d'Alene, for respondents.

Robert E. Brown, Kellogg, Lester S. Harrison, Kellogg, for appellant.

PORTER, Justice.

The respondents, plaintiffs below, are husband and wife. In the summer of 1929, they lived in Kellogg, Idaho. Thereafter, they moved to Nampa, Idaho; and a few years prior to 1940, moved to Spokane, Washington. In 1940 they moved to Boise, Idaho. Between the years 1929 and 1937, the husband purchased with community funds, 2500 shares of the capital stock of the appellant represented by 3 stock certificates issued in the name of Mrs. Vernon T. Stivers.

When respondents moved from Nampa to Spokane, Mrs. Stivers notified the appellant by letter of her change of address. When respondents moved from Spokane to Boise, she did not notify appellant in writing of her new address. The husband had procured employment as a salesman. His duties caused him to be in Kellogg two or three times each year. The wife requested him to notify appellant of their new address.

The appellant is a mining corporation with its principal place of business at Kellogg, Idaho. During the time material in this case, Mr. Harvey Ross was president of the company; his son, Myron Ross, was vice president; and W. T. Simons was secretary-treasurer. Harvey Ross lived in Seattle, Washington, and had not been active in the affairs of the company for about ten years prior to 1948. Myron Ross lived in Kellogg for many years prior to 1942, and was employed in a clothing store. W. T. Simons was cashier of the Idaho First National Bank. Since 1944, he has been president of the appellant. Prior to 1943, the appellant did not maintain an office but transacted its business at the Idaho First National Bank.

The respondent, Vernon T. Stivers, and Myron Ross were friends of long standing. When in Kellogg, Stivers would usually call upon Ross and talk with him about the Sidney Mining Company and its properties. In 1940, Stivers told Myron Ross of the change of address of respondents to Boise, Idaho, and requested him to have the change noted on the books of the company, and Ross agreed to do so. In 1941 the change of address was again mentioned. In April, 1942, Stivers asked Myron Ross if he had notified the company of such change of address, and Ross not being certain, Stivers gave Ross his business card with the Boise address of respondents thereon, and Ross promised to make sure that the new address was recorded on the books of the company. Stivers was not acquainted with the secretary-treasurer, Simons. His last stock certificate issued in 1937 was signed by Myron Ross as vice president.

On April 21, 1942, the appellant levied a stock assessment of one cent per share. Notice of such assessment was mailed to the respondent, Mrs. Vernon T. Stivers, at her Spokane address. Such notice was never received by respondents or either of them. The assessment not having been paid, 1800 shares of the stock were, on October 10, 1942, sold for the sum of $37.75 to strangers to this action, such sum covering the assessment and costs of advertising and sale.

Although respondent, Stivers, was in Kellogg and talked with Myron Ross about the company in September, 1942, no mention was made of the assessment or that the stock owned by Mrs. Stivers was delinquent. Respondents did not learn of the levying of such assessment and of the sale of their 1800 shares of stock until March 26, 1945. June 1, 1945, respondents tendered to the company $38.00 to redeem their stock. This offer was refused by Simons, the secretary-treasurer.

On July 13, 1945, the respondents brought this action to have the sale of said 1800 shares of stock declared invalid and such stock reinstated, or in lieu thereof, for judgment for the sum of $4,086.00. Such action was based on the ground that appellant failed to give legal notice to Mrs. Stivers of the levy of such assessment and that the sale of her 1800 shares of stock was therefore void. The proceedings for the levying of the assessment and the sale are not otherwise challenged. After the issues were formed, a trial was held before the court sitting without a jury which resulted in a judgment and decree for respondents. From such judgment and decree this appeal is prosecuted.

The appellant in its brief, sets out 16 specifications of error. We will not discuss each specification of error separately but will consider the pertinent questions raised by appellant's claims of error.

Subsection 5 of Section 30-157, I.C., provides that when an order for an assessment has been made by a corporation, the secretary must cause to be published and mailed to each shareholder at his last-known address, a notice thereof. Appellant contends that the mailing of the notice to Mrs. Stivers at Spokane, as her address appeared on the books of the company, was sufficient and fully complied with this statute. It is the position of the respondents that the notice to the vice president, Myron Ross, of the change of address was binding on the company.

By its By-Laws, the President of appellant is given the general superintendence of the affairs of the company. In his absence, the Vice President is required to perform his duties. It is apparent from the record that the vice president, Myron Ross, in 1942, was performing the duties of president of the company. In New England National Bank v. Hubbell, 41 Idaho 129, at page 138, 238 P. 308, 312, this court said:

"To apply the rule of law that notice to an officer is not notice to the corporation, it must be first found that the officer was act-

ing in his own interests and adverse to those of the corporation."

In Prewett v. First Nat. Bank of Hagerman, 45 Idaho 451, 262 P. 1057, the court held that a bank had knowledge that a deposit made by mortgagor to be paid to mortgagee was proceeds of mortgaged property where cashier having knowledge of transaction so notified new cashier and new president of bank when bank changed hands; and again approved the rule set out in New England National Bank v. Hubbell, supra, that notice to the cashier is notice to the bank unless the cashier is, at the time, acting in his own interest adversely to the bank. In Balfour v. Fresno Canal & Irrigation Co., 123 Cal. 395, 55 P. 1062, at page 1063, the court said:

"But, if full knowledge was necessary, it must be presumed that the corporation had full notice of all the facts which were known to its president. The president of a corporation is a proper person to whom notice, which is to affect a corporation, is to be given. The corporation has no eyes, ears, or understanding save through its agents. The president is considered the head of the corporation, and it is his duty to report to the trustees information affecting the interests of the corporation. And the presumption is that he does so. Usually this is a conclusive presumption."

■ The vice president, Myron Ross, was acting as legal head of the appellant in 1942 and it was within the scope of his authority to receive notice of change of address of a shareholder. His knowledge of the change of address of the respondents was the knowledge of the corporation. Valley Lumber Co. v. McGilvery, 16 Idaho 338, 101 P. 94; Fresno St. R. Co. v. Southern Pac. R. Co., 135 Cal. 202, 67 P. 773; Dexter Sav. Bank v. Friend, C.C., 90 F. 703. It will be noticed that the statute uses the term "last known address." It does not say the address appearing on the books of the corporation. Appellant would have been justified in relying upon the address appearing upon its books in the absence of knowledge to the contrary. It will not be heard to say that it had no knowledge that the address of the respondent, Mrs. Vernon T. Stivers, was Boise, Idaho, after its acting president had been notified at least three times of the change of address, and had promised to make the change on the books of the company.

■ The appellant raises the question of the right of the husband to give notice of change of address by virtue of his community interest in the stock. The answer to such question is not controlling here. It must be conceded that the wife could give such notice personally or through any agent of her own choosing, subject to the right of the appellant to question the authority of the agent. Here, the evidence shows that the wife requested the husband to notify the company of her change of address.

The appellant contends that the failure of the company to give notice to Mrs. Sti-

vers at Boise, Idaho, of the assessment is at most a mere irregularity or defect in the notice of sale and that this action is barred by the provisions of subsection 17 of Section 30-157, I.C., which is as follows:

"No action may be sustained to recover shares sold for delinquent assessments, upon the ground of irregularity or defect in the notice of sale or in its publication, or defect or irregularity in the sale unless the party seeking to maintain such action first pays or tenders to the corporation, or to the party holding the shares sold, the sum, for which the same was sold, together with all subsequent assessments which may have been paid or may be due thereon, and interest on such sums from the time they are paid; and no such action may be sustained unless the same is commenced within six months after such sale was made."

It is the position of the respondents that the failure to give notice to the shareholder as required by statute, is more than an irregularity and is a fatal defect rendering the sale void. In Corcoran v. Sonora Min. & Mill. Co., 8 Idaho 651, at page 664, 71 P. 127, 131, our court said:

"In case of the levy of an assessment by a corporation, and proceedings to sell stock on account of delinquency in paying such assessment, the proceeding is a special, summary one, by which citizens are deprived of their property; and, in order to make the sale valid, all of the requirements of the statute must be substantially complied with."

It has been repeatedly held that where the statutes have not been substantially complied with, the sale is void and the statute of limitations does not apply. In Cheney v. Canfield, 158 Cal. 342, 111 P. 92, 95, 32 L.R.A., N.S., 16, the court was considering a statute similar to our subsection 17 of Section 30-157, I.C., and held that such statute does not apply where the sale is void for failure to substantially comply with the statutes relative to assessments, the court saying:

"The sections referred to only apply where there has been some irregularity in the assessment or irregularity or defect in the notice of sale or the sale itself. The assessment in question here, as we have seen, was not merely an irregular assessment. It was absolutely void. (Citing case.) Hence these sections have no application."

In the case of Brown v. St. Paul Consolidated Oil Co., 101 Cal.App. 263, 281 P. 646, at page 649, the court in considering a statute requiring that action be brought within six months, said:

"The assessment being invalid, not merely irregular, appellants were not required to comply with the provisions of said section 347."

See Seyberth v. American Commander Min. & Mill. Co., Ltd., 42 Idaho 254, 245 P. 392; Herbert Kraft Co. Bank v. Bank of Orland, 133 Cal. 64, 65 P. 143; Ruck v. Caledonia Silver Mining Co., 6 Cal.App.,

356, 92 P. 194; Richman v. Bank of Perris, 73 Cal.App. 321, 238 P. 754.

Failure to give the notice of assessment required by statute to a stockholder is not a mere irregularity contemplated by said subsection 17 of Section 30-157, I.C. Such notice is an essential pre-requisite to authority to sell his stock upon delinquency. Failure to give such notice renders the sale void; and the limitations provided in such subsection 17 have no application in a suit to set the same aside.

Appellant cites as error the admission of evidence that the shares of stock in question were purchased with community funds and were community property. Such evidence was proper in order to show that the husband had an interest in the cause of action and was a proper party plaintiff. The question is not raised here as to the right of the husband to receive notice from the company by virtue of his community interest. The question is as to the right of the wife to be notified at her changed address.

Appellant complains of the form of the judgment which provides that the appellant reinstate the 1800 shares of stock or issue a new certificate for like amount, as being relief not justified by the pleadings and proof. Section 10-704, I.C., provides as follows:

"The relief granted to the plaintiff, if there be no answer, can not exceed that which he shall have demanded in his complaint; but in any other case the court may grant him any relief consistent with the case made by the complaint embraced within the issue."

In the case of Schlieff v. Bistline, 52 Idaho 353, at page 361, 15 P.2d 726, 729, this court said:

"Under the provisions of that section, when an answer was filed, as was done in the case at bar, the court may grant any relief consistent with the case made by the complaint, and embraced within the issues made, whether such relief be prayed for or not."

See also, Swanstrom v. Bell, 67 Idaho 554, 186 P.2d 876.

In Seyberth v. American Commander Min. & Mill. Co., Ltd., supra, the court, in an action involving the sale of stock under a void assessment, held that reinstatement of the stock was proper relief.

In Raisch v. M. K. & T. Oil Co., 7 Cal. App. 667, 95 P. 662, 663, where the court had under consideration an illegal sale of stock and it was sought to have the sale set aside and to compel the defendant to reissue the stock and restore the plaintiff to his rights as a stockholder, the court held that such action was a proper one by the stockholder.

In the instant case, the evidence shows that the secretary-treasurer, Simons, purchased 4815 shares at the sale of the delinquent stock on October 10, 1942. In connection with these purchases, he testified as follows:

410

"Q. I notice you have bought quite a little of this stock that was offered at this assessment sale. Is that right? A. I bought a little of it for the protection of the company in the event of errors in the assessment. That was the purpose of it. I found it come in quite handy in case there was some errors made that we had to make good." (ff. 258-9)

In the light of this testimony it appears that appellant holds stock which is available for the satisfaction of the judgment.

The judgment and decree of the trial court is affirmed. Costs awarded to respondents.

HOLDEN, C. J., and GIVENS, TAYLOR and KEETON, JJ., concur.