715 P.2d 993

**Ross CLARK, Plaintiff-Appellant,**

v.

**James OLSEN, Donald E. Kunz, Thomas R. Sneddon, Floyd Bird, Warren G. Wright, K.J. Allred, and Raymond Peterson, City Councilmen of the City of Montpelier, County of Bear Lake, State of Idaho, Defendants-Respondents.**

No. 15265.

Supreme Court of Idaho.

March 5, 1986.

John B. Ingelstrom, of Racine, Olson, Nye & Cooper & Budge, Pocatello, for plaintiff-appellant.

Ardee Helm, Jr., Montpelier, for defendants-respondents.

The Previous Opinion Issued February 14, 1985, is Hereby Withdrawn and this Opinion is Substituted Therefor.

## ON REHEARING

DONALDSON, Chief Justice.

On June 13, 1967, plaintiff-appellant, Ross Clark appeared at a Montpelier City Council meeting. Clark owned several undeveloped lots on "M" Hill in Montpelier, and he sought to have an access road constructed to these lots. It was agreed that Clark would grade the proposed access road and that the city would apply the gravel.

On January 16, 1968, the Montpelier City Council passed Ordinance No. 428. The ordinance authorized the conveyance of a parcel of undeveloped property formerly dedicated as a public street, in exchange for an air compressor owned by Ivan Phelps. The property was subsequently conveyed to Donald Kunz, who was a city councilman at the time the ordinance was passed. Kunz then constructed a home on the property.

The property conveyed pursuant to Ordinance No. 428 overlapped the property which was to be used as an access road to Clark's undeveloped lots. In fact, the home which Kunz constructed had an open-ended carport extending out from the east end of the house onto a portion of the proposed access road.

After learning of the passage of Ordinance No. 428, Clark protested and offered to purchase the property for $3,000. The offer was refused. Because relocation of the access route may be economically unfeasible, Clark claims that he has been unable to develop the lots which he owns on "M" Hill.

In June of 1971, Clark filed a complaint against the City Councilmen of Montpelier. The complaint prays that the court,

"declare the rights and duties of the Defendants in the controversy stated in this Complaint, and determine that the Defendants cannot and could not properly enter into the contract of the nature as described in this Complaint, that the City of Montpelier could not properly vacate a portion of the dedicated public street for the purposes as alleged in this Complaint, and that such Ordinance as attempted to vacate the street for such purpose is void, and that the contract of exchange as herein alleged is void, and that the Court grant all further and other declaratory judgment and relief as may be lawful and proper."

In July of 1974, Clark moved for partial summary judgment. He sought a determination that the ordinance and subsequent conveyance of the property were void as a matter of law. Thereafter, the defendants moved for summary judgment based on Clark's failure to join the city of Montpelier as an indispensable party. The defendants also alleged that the plaintiff's complaint failed to state a claim upon which relief could be granted.

In a Memorandum Decision dated January 4, 1978, the court held the ordinance void by reason of the defendants' failure to comply with I.C. § 50–311, and granted Clark's motion for partial summary judgment. (I.C. § 50–311 provides that streets which are vacated shall revert to the owner of the adjacent real estate.) A formal order in conformance with that decision was issued March 2, 1978.

A trial on all the remaining issues was set for November 30, 1979. On November 16, 1979, the defendants again moved for summary judgment, claiming that all issues in the case had been resolved by the court's earlier order. In response, Clark moved to amend his complaint to more specifically detail the relief sought. By Memorandum Decision and Order dated May 9, 1980, the district court denied Clark's motion to amend the complaint and granted defendants' motion for summary judgment holding that the relief sought in Clark's complaint was fully granted by the court's earlier order on Clark's motion for partial summary judgment.

Clark then filed a motion to alter or amend the judgment pursuant to I.R.C.P. 59(e). In an order dated September 7, 1983, the district court denied Clark's motion. This appeal followed.

On appeal, Clark asserts that the March 2, 1978, order did not grant all the relief requested in his original complaint. He further asserts that the court abused its discretion in denying his motion to amend the complaint to further detail the relief sought. We will address each assertion in the order stated.

I

We begin our discussion by noting that technical rules of pleading have long been abandoned in this state. *Rauh v. Oliver*, 10 Idaho 3, 9, 77 P. 20, 21–22 (1904). The general policy behind the current rules of civil procedure is to provide every litigant with his or her day in court. *Sines v. Blaser*, 98 Idaho 435, 437, 566 P.2d 758, 760 (1977). The rules are to be construed to secure a just, speedy and inexpensive determination of every action or proceeding. I.R.C.P. 1(a). The purpose of a complaint is to inform the defendant of the material facts upon which the plaintiff bases his action. *Fox v. Cosgriff*, 64 Idaho 448, 454, 133 P.2d 930, 932–33 (1943). A complaint need only contain a concise statement of the facts constituting the cause of action and a demand for relief. I.R.C.P. 8(a)(1); *Stone v. Bradshaw*, 64 Idaho 152, 157, 128 P.2d 844, 846 (1942).

With these considerations in mind, we turn to the complaint at issue. Clark's complaint, as quoted above, asked the court to declare Ordinance No. 428 and the subsequent conveyance void, to resolve the controversy between the litigants, to declare the duties of the defendant concerning the controversy, to order the defendants to carry out their respective duties, and to grant all other relief to which Clark was found to be legally entitled. The district court's order of March 2, 1978 provided the following relief:

"[P]laintiff's Motion for Partial Summary Judgment be, and hereby is granted in the following respects:

"(a) IT IS ORDERED that Montpelier City Ordinance # 428 be, and hereby is declared void and of no force and effect.

"(b) IT IS FURTHER ORDERED that the attempted transfer of title from the City of Montpelier to one Ivan Phelps of the following described real property through Montpelier City Ordinance # 428 is declared invalid and is hereby set aside...."

It is clear that the order did not grant all the relief prayed for in the complaint. Clark's complaint did not merely seek a determination that the ordinance and subsequent conveyance were void. It sought to have the controversy resolved. The complaint specifically asks the court to declare the duties of the defendants with respect to their improper conduct and to provide Clark with whatever relief he is legally entitled to. As it now stands, the district court's decision has left Clark with a bundle of rights and no legal remedies to secure those rights. It appears from the record and arguments before this Court that nothing has been done to ultimately resolve this controversy. Although the ordinance and conveyance have been held invalid, Kunz' carport is still encroaching onto a dedicated public street and Clark is still without access to his property. Under such circumstances, it cannot be said that Clark has received all the relief prayed for, or, in fact, any relief at all. We therefore hold that the district court erred in determining that Clark had received all the relief prayed for and in granting defendants' motion for summary judgment.

II

Approximately two weeks prior to the scheduled trial date, the defendants moved for summary judgment asserting that Clark had already received all the relief prayed for in his complaint. In response to this motion, Clark sought to amend his complaint to specify the precise relief he was requesting. The proposed amendment

added three paragraphs to the body of the complaint and one to the prayer for relief.

The first paragraph merely recites the nature of the court's determination on Clark's motion for partial summary judgment. The second details the relief requested and seeks to hold the defendants responsible in their individual capacity as well as in their official capacity. The third references the court to two drawings attached to the complaint for illustrative purposes, and the fourth prays for the relief requested in the above paragraphs.

I.R.C.P. 15(a) provides that leave of court to amend a pleading "shall be *freely given when justice so requires.*" (Our emphasis.) *See, e.g., Smith v. Shinn,* 82 Idaho 141, 350 P.2d 348 (1960); *Markstaller v. Markstaller,* 80 Idaho 129, 326 P.2d 994 (1958). Professors Wright and Miller in discussing Federal Rule 15—an identical counterpart to our I.R.C.P. 15—state that the purpose of the rule is two-fold: First, to allow the best chance for each claim to be determined on its merits rather than on some procedural technicality; and, second, to relegate pleadings to the limited role of providing parties with notice of the nature of the pleader's claim and the facts that have been called into question. Issue formulation is to be left to the discovery process and pleadings are not to be viewed as carrying the burden of fact revelation or of controlling the trial phase of the action. C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d § 1471 (1971).

The United States Supreme Court in *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), explained the operation of Rule 15(a) as follows:

> "Rule 15(a) declares that leave to amend 'shall be freely given where justice so requires'; this mandate is to be heeded. *See generally,* 3 Moore, Federal Practice (2nd ed. 1948), ¶¶ 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, 'be freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."

In *Smith v. Great Basin Grain Co.,* 98 Idaho 266, 272–73, 561 P.2d 1299, 1305–06 (1977), this Court expressly adopted *Foman's* language and, in addition, placed the burden of showing why a court should not grant leave to amend a complaint on the parties opposed to the amendment. *Id.* As *Foman* and *Smith* declare, a district court's refusal to grant leave to amend without any justifying reason is, per se, an abuse of discretion.

In the instant case, it appears that the district court viewed the action as one solely for declaratory judgment and denied Clark's motion to amend because it did not believe the relief requested therein was appropriate in such an action. It is clear, however, that declaratory relief may be sought in conjunction with other types of relief in the same action. C. Wright, A. Miller & M. Kane, *supra* at § 2768. *See, e.g., Harris v. Cassia County,* 106 Idaho 513, 681 P.2d 988 (1984) (wherein the plaintiff sought declaratory, injunctive and mandamus relief in the same action). As was discussed in Part I, Clark did not merely seek a declaration that the ordinance and the subsequent conveyance were void. He sought resolution of the controversy and appropriate relief. The district court's orders left the controversy unresolved and Clark without any relief whatsoever.

The district court noted that Clark might have standing to bring a separate action to compel the city and Kunz to clear title to

the property at issue. Given the policy of the Idaho Rules of Civil Procedure to provide a "just, speedy and inexpensive determination of every action," it appears manifestly unreasonable to dismiss a pending action and force the plaintiff to file a whole new lawsuit. This is particularly true when one considers that Clark may well be barred from bringing a new action by the applicable statute of limitations. Accordingly, we hold that the district court abused its discretion in denying Clark's motion to amend his complaint.

The order denying Clark's motion to alter or amend the previously entered judgment is reversed an the case remanded for further proceedings on Clark's amended complaint consistent with this opinion.

Costs to appellant.

No attorney fees on appeal.

BISTLINE, J., and WALTERS and SWANSTROM, JJ., Pro Tem., concur.

SHEPARD, J., dissents without opinion.

BISTLINE, Justice, concurring separately.

The majority opinion is well written and by it the Court is now making a proper disposition of the case. My reason for not joining the opinion is simply that I do not concur in the decision to withdraw the former majority opinion which amazingly reached a different result and commanded three votes in addition to the author's. This Court does a lot of unnecessary wheel spinning in withdrawing opinions instead of simply changing the vote count as it did in former times. See, for example, *Renner v. Edwards*, 93 Idaho 836, 475 P.2d 530 (1970).

Naturally, I join the judgment of the Court, which is to reverse, but do so on the basis of the views which I expressed over a year ago in my dissenting opinion, which today's majority need only have adopted by now joining, and yet could do so [1]:

## DISSENT OF FEBRUARY 14, 1985 OPINION

The declared purposes of the Idaho Rules of Civil Procedure are this day by the majority rendered meaningless. Longstanding principles of equity are ignored as though they never existed. Correctly applying Idaho's Rules of Civil Procedure, as well as time-tested rules of equity, it cannot be gainsaid but that the district court's determination of Clark's motion for *partial* summary judgment did not address, let alone dispose of, all of the issues raised in his complaint, nor consider and dispose of all of the issues pleaded and the relief *specifically requested.* The majority sees no abuse of discretion by the court below in denying Clark's motion to amend his complaint to more specifically detail the relief he sought in this action, assuming that there was any necessity for so doing.

### I.

I.R.C.P. 1(a) states in part that "these rules should be *liberally construed to secure the just, speedy and inexpensive determination* of every action and proceeding." In *Sines v. Blaser*, 98 Idaho 435, 439, 566 P.2d 758, 762 (1977), this Court stated that "Rule 1, I.R.C.P., is a constant reminder that the rules [of Civil Procedure] are to be *liberally construed,* and *a just result is always the ultimate goal to be accomplished."* (Emphasis added.) In *Bunn v. Bunn*, 99 Idaho 710, 712, 587 P.2d 1245, 1247 (1978), this Court spoke in a similar vein:

A "determination" of an action within the meaning of Rule 1 is meant to be a *determination* of the controversy on the merits—not a *termination* on a procedural technicality which serves litigants not at all.

(Emphasis original.)

I.R.C.P. 8(f) states that: *"all pleadings shall be so construed as to do substantial justice."* The reason for this rule is well

understood. Pleadings serve the purpose of stating the nature of the action brought so as to put the other party on notice, and to declare the relief sought. Unlike common law pleading and code pleading, perfection is not required; imperfections are not fatal. Pleadings serve to frame the issues so that an orderly trial can ensue, and a just resolution be pursued. Lawsuits are quests for the truth and justice; trials should no longer be waged in the pleading state.

The district court's decision that all relief requested by Clark has been granted is insupportable as measured against the prayer of the complaint, which largely was addressed to the equity side of the court. The complaint does more than simply allege the invalidity of Montpelier Ordinance 428 and the subsequent conveyance. It also alleged:

(1) that defendants knowingly took such action for the improper purpose of benefiting Kunz—a breach of the public trust and an abuse of power by public officials;

(2) that such action harmed Clark; and

(3) that the defendants continually refused and ignored all efforts by Clark to remedy their unlawful action.

The complaint, accordingly, asked the court:

(1) to declare Ordinance 428 and subsequent conveyances void;

(2) to resolve the controversy between the litigants;

(3) to declare the duties of the defendants concerning the controversy;

(4) to order defendants to carry out their respective duties; and

(5) *to grant all other and further relief* to which Clark was found to be legally entitled.

The district court's refusal to proceed further after declaring Ordinance 428 void was a far cry from complying with the "substantial justice" requirement of Rule 8(f). Clark has not received a decision rela-

tive to all of the relief prayed for in his complaint. The harm he allegedly has suffered as a result of the defendants' illegal acts has not even been addressed, let alone remedied. In essence, Clark has been left with a bundle of rights but allowed no pursuit of the remedies to secure those rights. Such an incongruous result is incompatible with I.R.C.P. 1(a) and 8(f).

Furthermore, even absent the rules, this Court, in affirming the district court, ignores basic principles of equity jurisprudence:

> Equity having obtained jurisdiction of the subject matter of a dispute, will retain it for the settlement of *all controversies* between the parties with respect thereto and *will grant all proper relief whether prayed for or not.* (*Anderson v. Whipple,* 71 Idaho 112, 227 P.2d 351 (1951); *Fogelstrom v. Murphy,* 70 Idaho 488, 222 P.2d 1080 (1950); *Stivers v. Sidney Mining Co.,* 69 Idaho 403, 208 P.2d 795 (1949); *Swanstrom v. Bell,* 67 Idaho 554, 186 P.2d 876 (1947); *Schlieff v. Bistline,* 52 Idaho 353, 15 P.2d 726 (1932).) *Boesiger v. Freer,* 85 Idaho 551, 563, 381 P.2d 802, 809 (1963) (emphasis added).[2]

Where Clark's complaint was based in equity, even had he failed to request the specific remedy to which he is entitled, such provides no basis for not proceeding with the action until it is fully litigated. I can fathom no excuse founded in reason for the majority to remain oblivious to the obvious.

## II.

In moving to dismiss, the defendants contended that the district court had provided Clark all the relief requested by him, and hence the action should be dismissed. Apparently seeking to avoid any problem or confusion, Clark moved to amend his complaint to clarify the relief he was seeking. The proposed amendment added four paragraphs to the original complaint.

---

**2.** This was a unanimous opinion authored by Chief Justice Knudson, who has been recognized by the contemporaneous bench and bar as

Idaho's outstanding jurist. The *Boesiger* holding quoted has never been overruled; nor should it be. It should not be blatantly ignored.

The first paragraph (paragraph IX of the amended complaint) is a simple recitation of the district court's decision on Clark's motion for partial summary judgment, which declared Ordinance 428 void. The second paragraph (paragraph X) sets forth the relief requested "based upon the facts alleged," and specifies the relief to which Clark thought he was entitled. The third paragraph (paragraph XI) makes references to two drawings for illustrative purposes only. The fourth paragraph (paragraph (2) to the prayer for relief), simply makes reference to the relief more specifically outlined in proposed paragraph X.

Paragraph X named the original defendants to the suit and, for the first time, the City of Montpelier as the parties responsible for Clark's harm, and from which relief was desired. The fact that Montpelier was a new party was of no moment. I.R.C.P. 15(c) governs amendments that concern the bringing in of new parties. It states:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

In this case there was nothing suggested by Montpelier which reasonably could have persuaded the district court to not grant Clark leave to amend and bring in Montpelier as a party-defendant. Where the suit was filed against Montpelier's City Councilmen, the City knew of the action. Accordingly, pursuant to I.R.C.P. 15(c), Clark should have been allowed to bring in Montpelier as a party-defendant.

I.R.C.P. 15(a) provides that leave of court to amend a pleading "shall be *freely given when justice so requires.*" (Emphasis added.) *See also Smith v. Shinn,* 82 Idaho 141, 350 P.2d 348 (1960); *Markstaller v. Markstaller,* 80 Idaho 129, 326 P.2d 994 (1958); *Petty v. Petty,* 66 Idaho 717, 168 P.2d 818 (1946); *Hill v. Bice,* 65 Idaho 167, 139 P.2d 1010 (1943); *Hall v. Boise Payette Lumber Co.,* 63 Idaho 686, 125 P.2d 311 (1942); *Jeffery v. Ouldhouse,* 59 Idaho 50, 80 P.2d 685 (1938); *Hoy v. Anderson,* 39 Idaho 430, 227 P. 1058 (1924); *Mole v. Payne,* 39 Idaho 247, 227 P. 23 (1924); *Rankin v. Caldwell,* 15 Idaho 625, 99 P. 108 (1908); *Dunbar v. Griffiths,* 14 Idaho 120, 93 P. 654 (1908); *Kroetch v. Empire Mill Co.,* 9 Idaho 277, 74 P. 868 (1903). What the trial court had before it was basically a pro forma motion, one which ordinarily is not contested, and is granted as a matter of course.

Professors Wright and Miller, in discussing Rule 15, Federal Rules of Civil Procedure—an identical counterpart to I.R.C.P. 15—state that the purpose of Rule 15 is twofold:

> (1) to allow the best chance for each claim to be determined on its merits rather than on some procedural technicality; and

> (2) to relegate pleadings to the limited role of providing parties with notice of the nature of the pleader's claim and the facts that have been called into question; issue formulation is to be left to the discovery process and pleadings are not to be viewed as carrying the burden of fact revelation or of controlling the trial phase of the action.

Wright & Miller, *Federal Practice and Procedure: Civil, 1471* (1971 ed.). Thus, a common use of Rule 15(a) is to correct insufficiently stated claims. *Id.,* 1474. Cases are legion in which a court has allowed a party to amend its pleading to *amplify* a previously alleged claim or de-

fense. *Id.* For a partial list of cases, *see id.* n. 97 and 1983 pocket part.

The United States Supreme Court in *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), defined the intent of Rule 15:

> Rule 15(a) declares that leave to amend shall be freely given where justice so requires; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a Plaintiff may be a proper subject of relief, he ought to be awarded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, "be freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District court, but outright refusal to grant the leave without any justifying reason appearing for his denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the federal rules.

In *Smith v. Great Basin Grain Co.*, 98 Idaho 266, 272–73, 561 P.2d 1299, 1305–06 (1977), this Court expressly adopted *Foman's* language, and, in addition, placed the burden of showing why a court should not grant leave to amend a complaint *on the parties opposed to the amendment. Id.*

How it cannot be held to have been an abuse of discretion to deny Clark's leave to amend his complaint is unfathomable. Nothing in the record supports the district court's order. There is absolutely no evidence of bad faith, undue delay, or dilatory motive on Clark's part; there is also no evidence that the amendments would have prejudiced defendants in the least.

Furthermore, as *Foman* and *Smith* declare, a district court's refusal to grant leave to amend *without any justifying reason is per se an abuse of discretion.* Exactly this case. In denying Clark's motion to amend the district court offered not one reason to justify its decision. This Court's refusal to apply *Smith, supra,* in this case is inexcusable. While the majority's bald declaration that the decision to grant or refuse permission to amend a complaint is left to the district court's discretion is correct, that is not the end of the inquiry. The question unanswered is whether that discretion was abused. Based upon the correct interpretation of I.R.C.P. 15 and Idaho law interpreting that rule, it most certainly was.[3] The district court's order should be reversed out of hand.

---

**3.** Turning again to numero uno—the preamble to our Rules of Civil Procedure, and particularly the "speedy and inexpensive" language, one may well wonder if it is expedient to dismiss a pending equitable action, and send the parties back to "GO"—a wholly new lawsuit. One may also question the expense of putting the litigants to the payment of new filing fees.